SMITH *et al.* v. MEYERS *et al.*, appellants.

*Arrest in civil action — bringing defendant into State by subterfuge.*

Plaintiff's clerk obtained a warrant against defendant in Philadelphia, upon the charge that he was a fugitive from justice. Defendant, to avoid "a requisition from Albany" and publicity, consented to come with the clerk to New York. Upon his arrival in New York, defendant was arrested in a civil action. There was no indictment or criminal charge against defendant, and the warrant in Philadelphia was obtained unjustifiably. *Held,* that the arrest here was void.

The employment of any subterfuge, scheme, enterprise, pretense or design, by which a defendant is brought into this State, for the purpose of arresting him, must fail, unless it is warranted by the law of the land, and the question does not depend upon the honest convictions of the persons engaged in the project, but upon the legality of the act.

THIS is an appeal from an order made by Mr. Justice HARDIN, March, 5, 1873, denying a motion made on behalf of the defendant Meyers, to set aside the service of an order of arrest and the summons and complaint in this action. The original order of arrest, was in a civil action for fraud of the defendant and others, and was made by Mr. Justice DAVIS, Feb. 11, 1873, and the bail was fixed at $8,000. The summons and order of arrest were served on Meyers simultaneously by the sheriff of the county of New York, on the 24th of February, 1873, immediately on his arrival by the train from Philadelphia.

It appeared that one Phelps, a clerk of plaintiffs' attorneys, went to Philadelphia, where Meyers then resided, and after consultation with lawyers there, obtained from an alderman an order of arrest against him as a *fugitive from justice.* Phelps went to Meyers' store in Philadelphia with an officer, and showed him all the papers he had in the case. There was no indictment or criminal charge against Meyers. To avoid "a requisition from Albany," and fearing publicity in Philadelpia, Meyers agreed to come to New York, and wrote the following consent: "Philadelphia, February 20, 1873. To all whom it may concern : That I, Henry Meyers, do hereby agree to waive a requisition, and accompany Edward G. Carlin to New York on Sunday morning, February 23, 1873, without further process of law. Henry Meyers." It is conceded that Phelps procured the Philadelphia warrant unjustifiably. Meyers came to New York in pursuance of his consent, and was arrested as above stated.

VOL. I, N. Y. REP. — 84

*R. W. Townsend,* for appellants, cited Act of Congress, Feb. 12, 1793; 9 Wend. 312; 7 Abb. N. S. 347; 2 Paige, 314; 6 N. Y. Leg. Obs. 66; 3 Abb. 474; 7 Abb. N. S. 70; 37 How. Pr. 235; 41 Barb. 45.

*Turner & Kirkland,* for respondents, cite *Carpenter* v. *Spooner,* 2 Sandf. 717; 17 How. 280; 29 Barb. 361; 8 Abb. 257; 15 id. 475.

BRADY, J. It appears in this case that the defendant Meyers was brought into this State by a proceeding which, if not an abuse of process, must, at least, be regarded as improper. Mr. Phelps went to Philadelphia with the intention of taking measures for his arrest, and having obtained a warrant which was not authorized, proceeded with two officers to the defendant's house and arrested him. He then informed the defendant that he had been arrested on a charge of being a fugitive from justice, and also that Judge DAVIS had granted a warrant for his arrest in this action. The result of this proceeding was, that the defendant Meyers consented to come to this State on condition that he was not to be taken away from Philadelphia for a time agreed upon, and that no examination should be had in Philadelphia upon the charge made against him, the object to be attained by the defendant Meyers by this arrangement being an opportunity to select some person to attend to his business in his absence, and to avoid the publicity which would follow an investigation in Philadelphia. It is not material to consider what were the moving influences to this result. It is enough to know, assuming the consent to have been given and with knowledge of the existence of an order of arrest here, that the consent was predicated of a proceeding unknown to our laws and while under duress which was unlawful. The defendant believed himself under legal imprisonment. He was justified in such belief, and so believing consented to come here to avoid the consequences of his position in Philadelphia. The design of the arrest was undoubtedly to get him into the jurisdiction of this court, and however honest the convictions of the agent in carrying out this project, and however justified he may have felt in doing what was done in bringing the defendant Meyers to justice, the proceedings on his part were illegal and the arrest here is void. The plaintiffs' agent had aroused the fears of defendant, his apprehension of exposure and disgrace, and in that way induced an acquiescence which led to the consent given. The employment of any subterfuge, scheme, enterprise, pretense or design by which a defend-

Smith v. Meyers.

ant is brought into this State for the purpose of arresting him must fail unless it is warranted by the laws of the land. This is familiar law. The question does not depend upon the honest convictions of the persons engaged in the project, but upon the legality of the act. *Ignorantia legis non excusat.* Many of the cases bearing upon this subject, in its different phases, will be found in the opinion of Justice FANCHER, in the *Matter of Lagrave*, 45 How. Pr. 305, but the rule mentioned is of ancient date and has been stated and acted upon in a variety of cases. The learned justice who heard and disposed of this motion at special term seems to have been influenced to his decision by the consent of the defendant Meyers to come here, but the consent was not voluntary, that is, not independent of any proceedings on the part of the plaintiffs calculated to coerce it. It sprung out of a project which had his arrest as an ultimate result and was successful. It is not however intended by any thing herein contained to assert that, if the arrest in Philadelphia were legal, the subsequent arrest here would not be legal also.

We think the order denying the motion should be reversed.

INGRAHAM, P. J., and FANCHER, J., concurred.

*Order reversed.*